UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN CARLOS ALMONTE,

                Plaintiff,

-against-

LAW ENFORCEMENT AGENCY, ET AL.,

                Defendants.

21-CV-8991 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff is currently incarcerated in Sing Sing Correctional Facility and proceeding *pro se*. On December 29, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).[1] (ECF 5.) The Court then dismissed this action by order and judgment entered on January 10, 2022. (ECF Nos. 6-7.) On January 28, 2022, the Court received Plaintiff's notice of appeal (ECF 9), together with a motion for an extension of time to appeal. (ECF No. 8.) For the following reasons, the Court denies Plaintiff's motion for an extension of time to appeal as unnecessary.

---

[1] This complaint was signed in October 2021, and opened on the Court's docket on November 3, 2021. (ECF 2.) In considering whether to grant Plaintiff's IFP application, the Court described the dismissal in *Almonte v. Law Enforcement Agency*, ECF 1:21-CV-8270, 6 (S.D.N.Y. Nov. 5, 2021), as a strike under 28 U.S.C. § 1915(g). (ECF 5.) Because the dismissal in 21-CV-8270 issued on November 5, 2021, *after* Plaintiff brought this action, it should not have been counted as a strike for purposes of this action. *See, e.g., Parker v. Darden*, No. 16-CV-6532 (VB), 2017 WL 5712710, at *3 (S.D.N.Y. Nov. 27, 2017) ("[T]he term 'bring' in Section 1915(g) means when the complaint is submitted to the Clerk of the Court."). It appears, however, that Plaintiff already had another strike dismissal when he brought this action, which the Court did not address. *See Almonte v. Karth*, No. 21-CV-6062 (LTS) (S.D.N.Y. Oct. 1, 2021) (amended complaint against federal judge and unspecified "law enforcement agency," brought IFP while Plaintiff was a prisoner at Sing Sing, dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). This does not alter the Court's analysis that Plaintiff had only two qualifying strikes when he brought this action. Subsequently, in *Almonte v. Law Enforcement*, No. 22-CV-0080, 8 (S.D.N.Y. Mar. 29, 2022), the Court found that Plaintiff had three strikes at the time of filing that action.

## DISCUSSION

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). The Court entered judgment dismissing this action on January 10, 2022. (ECF 7.) Plaintiff signed the notice of appeal on January 18, 2022 (ECF 9), and the Court assumes that he gave it to prison officials for mailing on the same date. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule). In the motion for an extension of time to appeal, Plaintiff states, "I've never filed [a] late notice of appeal, and I was never late." (ECF 8.)

Plaintiff's appeal was filed within the 30-day deadline. The Court therefore denies Plaintiff's motion for an extension of time to appeal as unnecessary because the appeal is timely.

## CONCLUSION

Plaintiff's motion for an extension of time to appeal (ECF No. 8) is denied as unnecessary. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   April 15, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge